**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TALES.COM, INC.,<br><br>    PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>    DEFENDANTS. | CASE NO.: 1:25-CV-03887<br><br>JUDGE EDMOND E. CHANG<br><br>MAGISTRATE JUDGE JEFFREY T. GILBERT |

## SECOND AMENDED COMPLAINT

Plaintiff, Tales.com, Inc. ("Tales" or "Plaintiff"), by its undersigned counsel, hereby complains of the partnerships identified on Seconded Amended Schedule A, attached hereto (collectively, the "Defendants"), and using at least the identified online marketplace accounts listed therein (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and for its Second Amended Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331.

2.      This Court has personal jurisdiction over Defendants, in that Defendants conduct significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which Defendants stand accused, were undertaken in Illinois and within this Judicial District. In particular, upon information and belief, each Defendant has offered to sell and has sold at least one product that infringes upon Plaintiff's federally registered copyrights in this Judicial District.

1

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendants directly target consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating as the Defendant Internet Stores. Defendants commit tortious acts, engage in interstate commerce, and wrongfully cause substantial injury in the State of Illinois.

**JOINDER[1]**

4.      Plaintiff has filed, as **Exhibit 3** attached hereto, its Second Amended Schedule A list of three (3) Seller Aliases which includes the store names being used by the defendants which were found to be selling infringing products and the online marketplace URLs associated therewith.

5.      Joinder is proper, at this stage of litigation, pursuant to Federal Rules of Civil Procedure 19(1)(a) and 20(a)(2) as the same entity owns and operates all of the Defendant Internet Stores and the court cannot accord complete relief among the parties if any are to be excluded; Plaintiff's right to relief stems from the same series of transactions or occurrences; and questions of law and/or fact common to all Defendants will arise in the action.

6.      Each Defendant Internet Store operates under the same business entity and shares the same value after tax ("VAT") number. All Defendant Internet Stores operate on the AliExpress e-commerce platform. When a seller registers an AliExpress account, AliExpress generates a publicly accessible business license based on the information that seller provided. This information includes the seller's business name, VAT number, physical address, date of establishment, legal representative, phone number, and email address. Here, the individual registering the Defendant Internet Stores input the same business name, VAT number, and legal representative. Upon

---

[1] This Court has already found joinder of the Defendants to be proper at this stage of litigation based on Plaintiff's Memorandum Establishing that Joinder is Proper and supporting evidence. *See* [28], [17], and [18].

2

information and belief, supported by evidence, Defendants are owned and operated by the same entity.

7. Based on the foregoing, Plaintiff's previous submissions, and this Court's prior ruling, joinder of all Defendants is proper at this stage, as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

### INTRODUCTION

8. This action has been filed to combat the online copyright infringement of Defendants, who trade upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized and inauthentic products that use and/or otherwise infringe upon Plaintiff's creative works.

9. Plaintiff, Tales.com, Inc., is the owner of several federally registered copyrights, listed in the table below, true and correct copies of which are attached hereto as **Exhibit 1** (collectively, the "Tales Copyrights" and "Copyright Registrations"). The Copyright Registrations constitute *prima facie* evidence of their validity and of Tales' exclusive right to use and enjoy the Tales Copyrights pursuant to 17 U.S.C. § 106.



| Tales Copyright Registration Summary | | |
|---|---|---|
| **TAL-1** (U.S. Reg. No. VA0002426728) | **TAL-2** (U.S. Reg. No. VA0002426728) | **TAL-3** (U.S. Reg. No. VA0002426728) |
| **TAL-4** (U.S. Reg. No. VA0002426728) | **TAL-5** (U.S. Reg. No. VA0002426728) | **TAL-6** (U.S. Reg. No. VA0002426728) |
| **TAL-7** (U.S. Reg. No. VA0002426728) | **TAL-8** (U.S. Reg. No. VA0002426968) | **Tales Life Story Interview Kit (Questions)** (U.S. Reg. No. TX0009456834)<br><br>**Tales Life Story Interview Kit (Questions)**<br><br>**Text, Selection, arrangement of Questions** |

10.     In an effort to deceptively profit from the Tales Copyrights, Defendants created the Defendant Internet Stores, designed in look, feeling, and suggestion, to give the impression to consumers that they are legitimate websites and merchants selling products manufactured or authorized by Tales through the unauthorized use of the Tales Copyrights, with Defendants'

4

ultimate intention being to deceive unknowing consumers into purchasing inauthentic products (herein referred to as the "Infringing Products").

11.     Plaintiff has been and continues to be irreparably damaged through the loss of its good will and reputation, loss of control over its creative content, and loss of exclusive rights in and to its valuable copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

12.     The Plaintiff, Tales.com, Inc., was founded in 2017, with a mission to help families capture and preserve their most cherished memories and stories for future generations. Initially, the company began by creating beautifully illustrated children's books that told the stories of families' ancestors, connecting younger generations with their heritage in a unique and engaging way.

13.     Building on this foundation, Tales launched the Life Story Interview Kit in 2023—the product which is the subject of the present lawsuit—designed to bring the magic of storytelling into the hands of every family. The kit includes 150 unique question cards, step-by-step instructions for conducting interviews, and expert tips for recording the conversation (the "Tales Product"). The Tales Product provides an effortless and fun way to spark deep conversations, create memory books, and give thoughtful gifts to parents, grandparents, and loved ones.

14.     Tales is the exclusive source of the Tales Product which contains the proprietary, creative content of the Tales Life Story Interview Kit — U.S. Reg. No. TX0009456834 — and are sold and/or promoted in connection with the other Tales Copyrights.

15.     Below is an example of an authentic Tales Product:



16. Tales has expended significant time, money, and resources in developing, advertising, and otherwise promoting the Tales Product, including the expenditure of approximately $2.5M in direct advertisement and promotion over the past 18 months. The Tales Product has incredibly high ratings on Amazon, has been featured in GQ Magazine, Robb Report, and on Good Morning America. Since its launch in March 2023, Plaintiff has fulfilled more than 124,000 orders, earning more than $5.2 million in revenue, and investing over $2.3 million in advertising expenditures. As such, the recognition and goodwill associated with the Tales Product and the Tales Copyrights are of incalculable and inestimable value to the Plaintiff.

**THE DEFENDANTS**

17. Defendants are individuals and/or business entities whose true identities are unknown and often concealed with unverified, incomplete, or false business names, addresses, and contact information. Upon information and belief, all Defendants reside in the Republic of China.

18. Defendants operate fully interactive commercial websites and online marketplace accounts utilizing, at least, the marketplace AliExpress.com ("AliExpress") (referred to herein as the "Online Marketplace").

19. The Defendant Internet Stores are using and/or have used the Tales Copyrights, without authorization to do so, in connection with offering for sale, selling, marketing, and distributing Infringing Products in direct competition with the Plaintiff since, at least, January 15, 2025, which was the date Plaintiff first noticed Defendants' infringement. As of the date of filing, this Second Amended Complaint, at least one Defendant continues to infringe upon the Tales Copyrights.

20. Defendants target the United States, including Illinois, and have offered to sell and have sold Infringing Products to consumers within this Judicial District.

**THE DEFENDANTS' UNLAWFUL CONDUCT**

21. Upon information and belief, Defendants are using the Tales Copyrights without authorization in their product listing images and in the Infringing Products. For example:

**INFRINGING PRODUCT LISTING**



22.     Defendants' Infringing Products are intentionally designed to look identical or similar to genuine Tales Product. Both Plaintiff and Defendants advertise and sell their products using protected elements of the Tales Copyrights, in the same area and in the same manner, via the Internet, and during the same timeframe. In particular, the content of the Infringing Products contains the protected, creative content of the Tales Life Story Interview Kit, and uses the protected, creative content of the other Tales Copyrights to market, promote, and sell the Infringing Products.

23.     Defendants' unlawful use of the Tales Copyrights draw would-be consumers of Plaintiff's authentic Tales Product away from Plaintiff and to the Defendant Internet Stores.

24.     Defendants use the Tales Copyrights as their product listing images and promotional material, so that would-be consumers will be directed to their stores when searching for authentic Tales Product.

25.     Potential consumers purchasing the Tales Product are diverse, with varying degrees of sophistication, likely to have difficulty distinguishing genuine the Tales Product from Infringing Products.

26.     Consumers who intend to purchase an authentic Tales Product are purchasing the Infringing Products and are receiving inauthentic, low-quality items which consumers associate with the Plaintiff.

27.     Upon information and belief, Defendants operate numerous additional online marketplace accounts and/or e-commerce stores beyond the identified Defendant Internet Stores. As such, it is likely that Defendants may be infringing upon the Tales Copyrights in ways not yet determined.

28.     Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[2] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[3] Internet websites and e-commerce stores like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

29.     As addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling

---

[2] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).
[3] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

infringing products on the above-mentioned digital marketplaces, an astronomical number of infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[4]

30. Upon information and belief, Defendants likely monitor intellectual property infringement litigation alert websites and utilize online chat platforms and groups; and use other evasive efforts to avoid liability and intellectual property enforcement efforts.[5]

31. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases, as well as other unknown fictitious names and addresses. By hiding their true identities, locations, and affiliations, Defendants conceal the full scope and interworking of their infringement operation in an effort to avoid being shut down.

32. Upon information and belief, Defendants are operating multiple payment processor and merchant accounts such as PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), and Alipay.com Co., Ltd. ("Alipay") (collectively referred to herein as the "Payment Processors"), and, in doing so, they hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, as financial transaction logs in previous similar cases have shown, Defendants often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

33. Defendants, without any authorization or license, have knowingly and willfully infringed Plaintiff's rights in and to the Tales Copyrights in connection with the manufacturing,

---

[4] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.
[5] For this reason, Plaintiff previously filed its Motion For Leave to File Certain Documents Under Seal.

advertisement, distribution, offering for sale, and sale of illegal and infringing products into the United States and Illinois.

34.     In committing these acts, Defendants have willfully, and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed upon and unlawfully used the Tales Copyrights; created, manufactured, sold, and/or offered to sell Infringing Products which infringe upon the Tales Copyrights; used the Tales Copyrights in an unauthorized manner in order to sell, advertise, describe, mislead, and deceive consumers; sold Infringing Products that contain protected elements of the Tales Copyrights; and unfairly and unjustly profited from such activities at the expense of Tales.

35.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**COUNT IV**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501(a), *et seq.*)**

36.     Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-35 as if fully set forth herein.

37.     The Tales Copyrights are the subject of multiple valid copyright registrations.

38.     Plaintiff, at all relevant times, has been the holder of the copyright registrations and the exclusive rights of and belonging to Tales.com, Inc., including but not limited to the Tales Copyrights.

39.     The Tales Copyrights have significant value and have been produced and created at considerable expense.

40.     Upon information and belief, Defendants had access to the Tales Copyrights through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants

wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in, acts of widespread infringement.

41. Defendants further infringed the Tales Copyrights by making, or causing to be made, the Infringing Products as they sold and offered for sale in connection with unauthorized reproductions of the creative works protected by Tales Copyrights that are massively distributed via the Defendant Internet Stores.

42. Defendants offered for sale, sold, and continue to sell, the Infringing Products which is a violation of Plaintiff's exclusive rights of reproduction and distribution protected under 17 U.S.C. § 501, *et seq.*

43. Defendants' continued and intentional use of the Tales Copyrights without the consent or authorization of Tales, constitutes intentional infringement of Plaintiff's federally registered Tales Copyrights. As a result, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, *et seq.*.

44. As a direct result of the Defendants' acts of willful copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of the Tales Copyrights. Plaintiff is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

45. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Tales Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of the Tales Copyrights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

12

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Tales Copyrights in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Tales Product, or is not authorized by Plaintiff to be sold in connection with the Tales Copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Tales Copyrights;

   c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which infringe upon the Tales Copyrights;

   d. further infringing the Tales Copyrights and damaging Plaintiff's goodwill;

   e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which use the Tales Copyrights;

   f. operating and/or hosting websites at the Defendant Internet Stores, and any other online marketplace accounts operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which use the Tales Copyrights;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplace and Payment Processors, and any related entities; social media platforms such as Facebook, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; and web hosts for the Defendant Internet Stores; shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of unauthorized products, which use the Tales Copyrights, including any accounts associated with Defendants;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which use the Tales Copyrights; and,

    c. take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Tales Copyrights pursuant to 17 U.S.C. § 504;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff, pursuant to 17 U.S.C. § 504;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7) Any and all other relief that this Court deems just and proper.

15

Dated: October 17, 2025

Respectfully submitted,

*/s/ John Mariane*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John Mariane

**SULLIVAN & CARTER, LLP**
111 W Jackson Blvd Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***